UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHARLES L. DENNETT,           ) | |
|                        *Plaintiff*     ) | |
| v.                                                   ) | *Civil No. 08-97-B-W* |
| MICHAEL J. ASTRUE,            ) | |
| *Commissioner of Social Security,*   ) | |
|                        *Defendant*     ) | |

*REPORT AND RECOMMENDED DECISION[1]*

This Social Security Disability ("SSD") appeal raises the question of whether substantial evidence supports the commissioner's determination that the plaintiff, a Vietnam War veteran, was not disabled by post-traumatic stress disorder ("PTSD") as of March 31, 2003, his date last insured for benefits. I recommend that the decision be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had acquired sufficient quarters of coverage to remain insured only through March 31, 2003, Finding 1, Record at 17; that the only medically determinable impairment established by the record to have existed while he was insured was cardiomyopathy, but there was no persuasive medical evidence establishing

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on October 17, 2008, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

that he had any severe exertional or nonexertional limitations from that impairment or from any other physical or mental impairment on or before his date last insured, Finding 3, *id*.; that, even assuming *arguendo* that he experienced some anxiety, PTSD, and/or depression while insured, there was no contemporaneous medical evidence establishing any functional restrictions at that time, Finding 5, *id*.; that, even if it were assumed that his mental/emotional problems imposed some restrictions while he was insured, the medical record strongly supported the conclusion that his severe alcohol abuse caused any such nonexertional limitations while he was insured (and for nearly two years thereafter), Finding 6, *id*.; that, if he were unable to work at any time while insured, his alcohol abuse was the cause of such inability, and would have been material to any finding of disability, Finding 7, *id*.; and that he therefore failed to establish that he was disabled on or before the expiration of his insured status on March 31, 2003, Finding 8, *id*. at 18. The Appeals Council declined to review the decision, *id*. at 3-5, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 2 of the sequential evaluation process. The claimant bears the burden of proof at Step 2, although it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*,

795 F.2d 1118, 1123 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* at 1124 (quoting Social Security Ruling 85-28).

The plaintiff complains that (i) to the extent that the decision found no medically determinable impairment of PTSD prior to his date last insured, it is internally inconsistent and erroneous, (ii) to the extent that the decision found that alcohol abuse was a contributing factor material to disability prior to the date last insured, it erred in failing to follow the prescribed procedure for making that determination and in ignoring contrary evidence, (iii) the decision erred in failing to give weight to a disability decision of the Veterans' Administration, (iv) the decision erred in failing to apply Social Security Ruling 83-20 ("SSR 83-20"), even while conceding that the ruling was applicable, and (v) the decision failed to use the required special technique for evaluation of mental impairments. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (Docket No. 6) at 3-12. For the reasons that follow, I find no reversible error.

## I. Discussion

### A. Step 2 Finding

The plaintiff first asserts that the administrative law judge erred in issuing an internally inconsistent decision that stated, on the one hand, that he had no medically determinable PTSD impairment as of his date last insured, and, on the other, that an inference might be drawn that he had symptoms of that condition as of that time. *See id.* at 3. He adds that the administrative law

judge compounded the confusion by finding that the evidence did not establish that such symptoms were "so severe as to prevent performance of any substantial gainful activity at that time." *Id*. (quoting Record at 15).[2] He contends:

> Thus the Decision confuses the standard of disability with the standards for a medically determinable impairment and for a "severe" impairment. The discussion in effect concedes a medically determinable impairment, then discounts the impairment as not "severe," but in so doing applies the wrong standard of severity.

*Id*.

I perceive no internal inconsistency. The administrative law judge made reasonably clear that he found that the plaintiff had not established the existence of a medically determinable impairment of PTSD prior to his date last insured. *See* Finding 3, Record at 17; *see also id*. at 15. His observation that an "inference" could be drawn that the plaintiff had some PTSD symptoms at the relevant time was not a concession that the plaintiff had established the existence of a medically determinable PTSD impairment. More than a layperson's inference based on symptoms is required to make such a showing. *See, e.g*., Social Security Ruling 96-7p, reprinted in *West's Social Security Reporting Service,* Rulings 1983-1991 (Supp. 2008) ("SSR 96-7p"), at 133 ("No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms."); Social Security Ruling 96-4p, reprinted in *West's Social Security Reporting Service,* Rulings 1983-1991 (Supp. 2008) ("SSR 96-4p"), at 120 n.2 ("[S]ymptoms, such as pain, fatigue, shortness of breath, weakness or nervousness, are an individual's own perception or description

---

[2] The plaintiff erroneously cited page 17 of the Record.

4

of the impact of his or her physical or mental impairment(s). . . . However, when any of these manifestations is an anatomical, physiological, or psychological abnormality that can be shown by medically acceptable clinical diagnostic techniques, it represents a medical 'sign' rather than a 'symptom.'"); *see also* 20 C.F.R. § 404.1528(a)-(b).[3]

An administrative law judge need consider the severity of a mental impairment only to the extent that a claimant has met his or her burden of demonstrating that a "medically determinable" mental impairment exists. *See, e.g.*, 20 C.F.R. § 404.1520a(b). Thus, to the extent that the administrative law judge supportably found the plaintiff to have failed to meet his burden of establishing that he suffered from a medically determinable PTSD impairment prior to his date last insured, any error in rendering the alternative Step 2 finding of non-severity of the PTSD condition is harmless.

The plaintiff contends that this threshold finding (as to existence of a medically determinable impairment) was in fact unsupported by substantial evidence. *See* Statement of Errors at 4-5. I disagree. As the plaintiff points out, the Record contains some evidence suggesting that he suffered from PTSD symptoms prior to his date last insured. *See id.* at 5; *see also, e.g.*, Record at 156 (Togus Maine VAMC progress note dated September 21, 2004, describing the plaintiff, who had been admitted for alcohol detoxification, as having had "a long

---

[3] At oral argument, counsel for the commissioner defended the administrative law judge's Step 2 finding as to PTSD primarily on the ground that he supportably found that the condition imposed no severe limitations prior to the plaintiff's date last insured. I do not construe this line of argument as a concession that the plaintiff met his burden of demonstrating that he suffered from a medically determinable PTSD impairment prior to his date last insured. First, counsel for the commissioner did not explicitly make such a concession. Second, she observed that the Record contains no firm diagnosis of the existence of PTSD prior to the plaintiff's date last insured. Finally, she pointed out that the administrative law judge relied on reports of Disability Determination Services ("DDS") reviewing psychologists. *See* Record at 14, 222 (Psychiatric Review Technique Form ("PRTF") completed by David Houston, Ph.D., on May 27, 2005), 244 (PRTF completed by Scott Hoch, Ph.D, on October 18, 2005). While neither Dr. Houston nor Dr. Hoch checked a box indicating that the plaintiff had no medically determinable mental impairment prior to his date last insured, both found that there was insufficient evidence to make any such determination. *See id.* at 222, 244. At oral argument, the plaintiff's counsel countered that reliance on the reports of Drs. Hoch and Houston was misplaced because they did not have the benefit of review of a PTSD-based disability decision by the Veterans' Administration ("VA"). For reasons discussed herein, I disagree.

history of alcoholism as well as PTSD"); 276 (Togus Maine VAMC progress note dated May 13, 2004, observing that plaintiff reported that he was "triggered by events such as 9-11, the Afghan War, and the Iraqi War").

Nonetheless, the Record contains neither a diagnosis of PTSD nor evidence of treatment for that condition prior to April 30, 2004. *See id*. at 263-73, 275-79. Nor does it contain any opinion by a treating source or mental-health expert that the plaintiff's condition commenced prior to that time. Indeed, as the administrative law judge observed, *see id.* at 14, Drs. Houston and Hoch both indicated that there was insufficient evidence to make any determination that a medically determinable mental impairment did or did not exist, or did or did not impose severe limitations, during the period from the alleged date of onset of disability to the date last insured, *see id*. at 222, 244.[4]

At oral argument, the plaintiff's counsel contended that Drs. Houston's and Hoch's reports cannot stand as substantial evidence in support of the administrative law judge's Step 2 finding because neither non-examining psychologist had the benefit of review of a VA disability rating decision deeming the plaintiff 100 percent disabled as a result of PTSD. It is true, as a general rule, that a DDS non-examining expert's report cannot stand as substantial evidence in support of an administrative law judge's decision when material new evidence has been submitted subsequent to its issuance, calling the expert's conclusions into question, *see, e.g., Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995) (agency RFC forms could not "constitute substantial evidence that [the claimant] was capable of performing the full range of light work at the time of the hearing (in December 1991) . . . because the opinions in these agency RFC assessment forms (completed in January 1991) were not based upon the full record in this case");

---

[4] The plaintiff had alleged onset of disability on December 31, 2002. *See* Record at 11.

*Rose v. Shalala,* 34 F.3d 13, 18 (1st Cir.1994) ("[T]he amount of weight that can properly be given the conclusions of non-testifying, non-examining physicians will vary with the circumstances, including the nature of the illness and the information provided the expert. In some cases, written reports submitted by non-testifying, non-examining physicians cannot alone constitute substantial evidence, although this is not an ironclad rule.") (citations and internal quotation marks omitted); *Brown v. Barnhart*, No. 06-22-B-W, 2006 WL 3519308, at *3 (D. Me. Dec. 6, 2006) (rec. dec., *aff'd* Dec. 28, 2006).  However, as discussed below, the VA report on which the plaintiff relies deemed him disabled at a point subsequent to expiration of his insured status and shed no light on the nature of his condition prior to that time.  Hence, the report is immaterial to the question answered by Drs. Houston and Hoch: whether there was sufficient evidence to opine as to the existence or severity of the plaintiff's mental impairments prior to his date last insured.

In short, on the threshold question of whether the plaintiff had established that he suffered from a medically determinable PTSD impairment prior to his date last insured, the evidence that he mustered in his favor was comparatively thin.  The administrative law judge committed no error in resolving the question in a manner unfavorable to him.  *See Rodriguez*, 647 F.2d at 222 ("The Secretary may (and, under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts.").

### B.  Alcohol Abuse Analysis

The plaintiff next faults the administrative law judge for failing to follow the prescribed technique for determining the materiality of his alcohol abuse and ignoring contrary evidence suggesting that the alcohol abuse was a form of self-medication for his PTSD.  *See* Statement of

Errors at 5-7. Even assuming *arguendo* that the administrative law judge so erred, any such error is harmless. The administrative law judge reached the question of materiality of alcohol abuse only upon assuming *arguendo*, contrary to his finding at Step 2, that the plaintiff suffered from medically determinable anxiety, PTSD, and depression while insured and that his mental/emotional problems imposed either some restrictions, or a disabling level of restrictions, during that time. *See* Findings 5-7, Record at 17. Because, as discussed above, he supportably determined that the plaintiff had no medically determinable impairment of PTSD prior to his date last insured, any error in his alternative holdings is harmless.

### C. Failure To Give Weight to VA Disability Decision

The plaintiff next takes the administrative law judge to task for failing to accord any weight to a VA rating decision dated October 18, 2004, that found him 100 percent disabled as a result of service-connected PTSD. *See* Statement of Errors at 8-9; Record at 258-60. As the plaintiff observes, *see id*. at 8, in *Flannery v. Barnhart*, No. 06-37-B-W, 2006 WL 2827656 (D. Me. Sept. 29, 2006) (rec. dec., *aff'd* Oct. 20, 2006), this court made clear that "a determination of disability made by the Veterans' Administration is entitled to some weight in determining a claim for Social Security benefits[,]" *Flannery*, 2006 WL 2827656, at *2 (citation and internal quotation marks omitted).

The administrative law judge took the VA rating decision into account in the context of considering, in the alternative, whether the plaintiff's alcohol abuse was material to any disability. *See* Record at 16. He judged the VA decision unpersuasive for several reasons, including that (i) the VA evidently had relied on evidence dating from August 2003 to February 2005, (ii) the VA decision did not address when the disability for VA purposes commenced, and (iii) the rating was based on different standards than those employed in the Social Security

context, notably that, for VA purposes, alcohol abuse weighed in favor of granting of the disability rating, while, for Social Security purposes, it can preclude a finding of disability. *See id*.

For two reasons, I discern no reversible error. First, the administrative law judge reached the question of the weight to accord the VA rating decision only upon considering, in the alternative, whether the plaintiff's alcohol abuse was material to any disability. *See id*. As noted above, I need not address the supportability of that alternative holding. Second, to the extent that the plaintiff complains that the administrative law judge erred in failing to accord weight to the VA rating decision at Step 2, *see* Statement of Errors at 8, I perceive no error in the circumstances of this case. As the administrative law judge noted, *see* Record at 16, the VA rating decision sheds no light on the plaintiff's condition prior to his date last insured. The plaintiff originally had been granted a 70 percent PTSD-connected disability rating in a decision (not itself of record) dated July 19, 2004. *See id*. at 259. In the rating decision of record, the VA reconsidered its earlier decision, granting the plaintiff a 100 percent PTSD-connected disability rating retroactive to April 7, 2004. *See id*. at 258. However, its October 18, 2004, reconsideration decision makes no mention whatsoever of any disability, or even PTSD symptoms, occurring prior to 2004. *See id*. at 258-60. In *Flannery*, by contrast, the claimant, whose date last insured was December 31, 2000, had been granted a 100 percent disability rating retroactive to October 1996 on the basis of service-connected PTSD. *See Flannery*, 2006 WL 2827656, at *1-*2.

### D. Failure To Apply SSR 83-20

The plaintiff next faults the administrative law judge for failing to apply SSR 83-20 to infer his onset date of disability despite having conceded the applicability of that ruling. *See*

9

Statement of Errors at 9-12.  I conclude that the administrative law judge did not concede the applicability of SSR 83-20 and that the ruling is not otherwise applicable in this case.  Thus, any error in omitting to apply it, or misapplying it, is harmless.

> SSR 83-20 provides, in relevant part:
>
> In addition to determining that an individual is disabled, the decisionmaker must also establish the onset date of disability.  In many claims, the onset date is critical; it may affect the period for which the individual can be paid and may even be determinative of whether the individual is entitled to or eligible for any benefits.

SSR 83-20 at 49.

SSR 83-20 applies only when a claimant has been determined to be disabled.  *See, e.g., Beasich v. Commissioner of Soc. Sec.*, 66 Fed. Appx. 419, 432 (3d Cir. 2003) ("Here there was no dispute that, in the context of a separate application for SSI [Supplemental Security Income] benefits, Beasich was determined to have been 'disabled' as of August 1, 1996, by his psychiatric condition that was the result of his head injury in 1981.  In view of that earlier SSI disability finding, the task of the ALJ in the context here was to determine onset – *i.e.,* when Beasich's impairments first became disabling. An earlier onset date assessment is mandated when a claimant already has been found disabled and alleges an earlier disability onset date.") (footnote omitted); *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir.1997) ("Since there was no finding that the claimant is disabled as a result of his mental impairment or any other impairments or combination thereof, no inquiry into onset date is required.").

As the plaintiff observes, this court has recognized the applicability of SSR 83-20 not only in circumstances in which there has been an official finding of current disability, but also in circumstances "tantamount to a finding of current disability for purposes of application of SSR 83-20" – namely, circumstances in which:

> (i) the administrative law judge, at hearing, described the plaintiff's current disability as "fairly clear," directing the plaintiff's counsel to submit an SSI application on his behalf, (ii) the application for SSI was turned down not on the basis of lack of demonstration of current disability but rather on the basis of excess income, (iii) the administrative law judge described the plaintiff, in the body of his decision, as "almost certainly" currently disabled, and (iv) the Record evidence supported such a finding.

*Kelly v. Astrue*, No. 06-168-P-S, 2007 WL 2021923, at *3 (D. Me. July 11, 2007) (rec. dec., *aff'd* Aug. 27, 2007).

That was not the case here. The administrative law judge did not concede the applicability of SSR 83-20; rather, he stated that the ruling "can be considered . . . with regard to whether the claimant was disabled[,]" Record at 15, and he considered it in the alternative, *see id*. at 16 ("Even if it were inferred . . . pursuant to Social Security Rulings 83-20 and 85-15 (or otherwise), despite the lack of contemporaneous medical evidence, that the claimant had been unable to work by March 31, 2003, it also is strongly apparent that the primary reason for any such incapacity would have been his recurrent and severe abuse of alcohol."). The administrative law judge never indicated that the plaintiff at any time was disabled, and the plaintiff points to no record evidence so indicating, apart from the VA rating decision discussed above. *See* Statement of Errors at 9-12. SSR 83-20 contemplates that a decision of disability by the agency's own adjudicators, not another body's disability decision, triggers the need to apply the ruling. *See* SSR 83-20 at 49.[5] The instant case accordingly is materially distinguishable from *Kelly*.

---

[5] At oral argument, the plaintiff's counsel acknowledged that he was unable to cite any authority for the proposition that a disability determination by a body other than the Social Security Administration triggers the requirements of SSR 83-20. As counsel for the commissioner pointed out, relevant regulations suggest otherwise: "A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us." 20 C.F.R. § 404.1504.

### E. Psychiatric Review Technique

The plaintiff, finally, complains that the administrative law judge failed to use the "special technique" for evaluating mental impairments set forth in 20 C.F.R. § 404.1520a. *See id*. at 12.[6] He contends that, in view of the decision's confused and inconsistent findings, the failure to use the required special technique constituted error in itself. *See id*. I find no error.

Section 404.1520a provides, in relevant part:

> (1) Under the special technique, we must first evaluate your pertinent symptoms, signs, and laboratory findings to determine whether you have a medically determinable mental impairment(s). . . . If we determine that you have a medically determinable mental impairment(s), we must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document our findings in accordance with paragraph (e) of this section.
>
> (2) We must then rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c) of this section and record our findings as set out in paragraph (e) of this section.

20 C.F.R. § 404.1520a(b).

Because in this case the administrative law judge supportably concluded, in line with the PRTF findings of two DDS reviewing psychologists, that there was insufficient evidence to establish the existence of a medically determinable mental impairment at the relevant time, he did not need to go further to satisfy the requisites of the prescribed technique. *See, e.g., Rodriguez v. Secretary of Health & Human Servs*., No. 94-1868, 1995 WL 45781, at *4 n.14 (1st Cir. Feb. 7, 1995) ("If there is insufficient evidence that a mental impairment exists, there will . . . presumably be no medical findings which would allow the SSA to complete the standard PRTF."); *Moore v. Astrue*, No. 06-136-B-W, 2007 WL 2021919, at *5 (D. Me. July 11, 2007) (rec. dec., *aff'd* Aug. 10, 2007) ("[T]he administrative law judge determined that, while it was clear the plaintiff had suffered a head injury in 1974, it was far from clear she even suffered from

---

[6] The plaintiff mistakenly cited 40 C.F.R. § 404.1520a.

12

a medically determinable mental impairment during the relevant period (from 1985 to 1990). In such circumstances, an adjudicator need not go on to the next step of the prescribed technique and rate the degree of functional limitation in the four specified areas.").

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 11th day of November, 2008.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge